## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZATTOO AG, f/k/a Zattoo Europa AG )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOTWIRE COMMUNICATIONS, LTD, )<br>)<br>Defendant. )<br>_____ ) | Civil Case No. _____ |

## COMPLAINT

Plaintiff Zattoo AG, f/k/a Zattoo Europa AG ("Zattoo"), by and through its undersigned counsel, states the following as its complaint against Defendant Hotwire Communications, Ltd. ("Hotwire").

## PARTIES

1.      Plaintiff Zattoo is a corporation organized under the laws of Switzerland with its principal place of business in Zurich, Switzerland.

2.      Defendant Hotwire is a limited partnership organized under the laws of Pennsylvania with its principal place of business at 2100 W. Cypress Creek Road, Fort Lauderdale, Florida, 33309. Hotwire has one general partner – Hotwire Communications, LLC. Hotwire Communications, LLC is a limited liability company organized under the laws of Pennsylvania with its principal place of business in Pennsylvania. Hotwire Communications, LLC's only member is Kristin Johnson, who resides in Pennsylvania.

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of a State and citizens of a foreign state, and the amount in

controversy exceeds $75,000.

4.     This Court has personal jurisdiction because Hotwire resides and regularly conducts business in the state of Florida. *See* Fla. Stat. §§ 49.193(1)(a)(1) & 49.193(2).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Hotwire resides in Florida and because Hotwire and Zattoo have agreed to submit to the exclusive jurisdiction and venue of the courts located in Miami-Dade County, Florida under the contract that is the subject of this lawsuit.

## FACTUAL BACKGROUND

6.     Zattoo is in the business of providing TV-platform/middleware services among other things.

7.     Hotwire is in the business of providing IP network services among other things.

8.     Hotwire and Zattoo entered into a written contract on or about July 2017 where Zattoo would provide TV-platform/middleman services to Hotwire ("Agreement'). A copy of the first and signature page of the Agreement is attached as Exhibit A (the body of the contract is not attached because it is confidential).

9.     Zattoo provided its services to Hotwire pursuant to the Agreement.

10.     Hotwire owes Zattoo an outstanding balance of approximately at least $667,355.54.

11.     On August 22, 2022, Zattoo demanded payment from Hotwire the then due account balance of $715,479.84 pursuant to the Agreement. See email attached as Exhibit B.

12.     On May 12, 2022, Zattoo (through its counsel) demanded from Hotwire the then due account balance then due of $630,941.58 under the Agreement. See email attached as Exhibit C.

DEVINE GOODMAN & RASCO, LLP                    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208

13. Hotwire has not ever objected to the amounts due, but has not fully paid the amount due to date. The current amount due is at least $667,355.54.

14. As a result of Defendant's breach of responsibility to pay for the services provided under the Agreement, Zattoo brings this action against Defendant for recovery on open account, account stated, breach of contract, and unjust enrichment.

15. All prerequisites to this suit have occurred or have been waived.

## COUNT I: BREACH OF CONTRACT

16. Zattoo adopts and re-alleges paragraphs 1-15 above as if set out fully herein.

17. As set forth above, Zattoo provided services to Hotwire. Hotwire breached the terms of the Agreement by failing to fully pay Zattoo for the services supplied by Zattoo.

18. To date, Hotwire has failed to fully pay Zattoo for the services at issue.

19. Zattoo has been damaged as a result of Hotwire's breach, and is entitled to recover from Hotwire the compensatory damages sustained due to the breach in the principal amount of the services ordered, which is at least $667,355.54.

## COUNT II: ACCOUNT STATED

20. Zattoo adopts and re-alleges paragraphs 1-15 above as if set out fully herein.

21. Prior to this lawsuit, Zattoo and Hotwire had business transactions between them. As set forth above, Zattoo provided services to Hotwire in exchange for payment to Zattoo.

22. As reflected in Exhibits B and C, Hotwire obtained at least $667,355.54 in services from Zattoo. Hotwire previously agreed to pay this balance prior to this suit, which balance Plaintiff presented to Hotwire. Hotwire has not objected to this balance being due. Hotwire has failed to date to pay this sum to Zattoo, despite demand by Zattoo.

3

23.     Zattoo has been damaged as a result of Defendant's actions and is entitled to recover from Defendant the compensatory damages sustained in the amount of at least $667,355.54, plus Court costs.

### COUNT III: OPEN ACCOUNT

24.     Zattoo adopts and realleges paragraphs 1-15 above as if set out fully herein.

25.     Hotwire owes Plaintiff at least $667,355.54 pursuant to the Agreement that is due according to Exhibits B and C. Hotwire never objected to this sum being due.

26.     Zattoo has thus been damaged in the amount of at least $667,355.54 plus costs.

### COUNT IV: UNJUST ENRICHMENT

27.     Zattoo adopts and realleges paragraphs 1-15 above as if set out fully herein.

28.     This is a cause of action for unjust enrichment, being pled in the alternative to Zattoo's breach of contract claims in the unlikely event that a valid and enforceable contract is not found to exist between Zattoo and Hotwire.

29.     Prior to this lawsuit, Zattoo conferred a benefit upon Defendant. Specifically, Zattoo supplied Defendant with services that Defendant agreed to pay for.

30.     Defendant wrongfully retained the benefit of the services supplied by Zattoo at Zattoo's expense. In other words, Defendant failed to fully compensate Zattoo the value of such benefits and, as a result, Zattoo has been damaged.

31.     Defendant appreciated these benefits and knowingly and voluntarily accepted them. Equity and good conscience require that Defendant should not be able to obtain the benefits without Zattoo being compensated for such benefits conferred upon Defendant.

32.     Plaintiff has no remedy under the law.

DEVINE  GOODMAN  & RASCO, LLP                    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P  305.374.8200 F  305.374.8208

33.     As a result, Zattoo is entitled to recover from Defendant all damages sustained as a result of Defendant's failure to compensate Zattoo for the benefits that Zattoo conferred upon Defendant, in the amount of at least $667,355.54.

**PRAYER FOR RELIEF**

WHEREFORE, Zattoo demands and prays as follows:

(1) That judgment be entered in favor Zattoo and against Hotwire for breach of contract, account stated, open account and/or unjust enrichment;

(2) That the Court award Zattoo at least $667,355.54 in damages against Hotwire;

(3) That the Court award Zattoo prejudgment interest on such damages;

(4) That the Court award Zattoo costs and such other relief as is just and proper under the circumstances.

Dated this 30th day of September 2022.

Respectfully submitted,

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Cables, FL 33134
Tel.:  305-374-8200
 Email: grasco@devinegoodman.com

*/s/ Guy A. Rasco*
Guy A. Rasco, Esq.
Florida Bar No.: 727520

5